CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

7/1/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHANE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00685 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C. SMITH, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Shane Stevens ("Stevens"), a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against several employees and former employees of the Virginia Department of Corrections ("VDOC") at Wallens Ridge State Prison ("WRSP"), including defendant A. Demory ("Demory").[1] (*See generally* ECF No. 1.) After being served on February 11, 2025, Demory failed to file an answer by the deadline of March 4, 2025. (*See* ECF No. 22.) On October 3, 2025, the Clerk entered default as to Demory. (ECF No. 45.) Stevens has moved for default judgment as to Demory, (ECF No. 50) and Demory has moved to set aside the entry of default. (ECF No. 56.) For the following reasons, the court will deny Stevens's motion and grant Demory's motion.

## I.    BACKGROUND

On October 4, 2024, Stevens, an inmate at WRSP, brought a complaint against six current and former employees of VDOC, including a claim of excessive force against Demory. (Compl. ¶¶ 4–9, ¶ 46 [ECF No. 1].) Counsel for the Virginia Office of the Attorney General

---

[1] Plaintiff incorrectly referred to Demory in the Complaint as "Dimery." (Compl. ¶ 9 [ECF No. 1].)

("OAG") noted an appearance and waived service of process for four of the six defendants[2] named in Stevens's complaint, but declined service for Demory and A. Smith. (ECF Nos. 13, 14, 15.) Demory was served on February 11, 2025, but he failed to file an answer by the March 4, 2025 deadline. (*See* ECF No. 22).

In his motion to set aside default judgment, Demory explained that he was confused as to whether OAG would represent him in the matter since he was no longer an employee of VDOC at the time of service. (Def. Br. Supp. Mot. Set Aside Default J. ("Def.'s Br.") at 7). Demory claims that he reached out to the WRSP when he was served and inquired into who would represent him, but no further action was ultimately taken as a result of that confusion. (*Id.*)

When Demory did not respond to the complaint, Stevens moved for default against Demory on October 3, 2025, which the Clerk entered the same day. *See* Fed. R. Civ. P. 55(a). (ECF Nos. 44–45.) On October 9, 2025, after receiving notice of the entry of default against him, Demory contacted the OAG and requested that he be represented by that office. (Def.'s Br. at 2.) Stevens moved for default judgement as to Demory on November 3, 2025 (ECF No. 50), and Demory moved to set aside the entry of default on November 20, 2025 (ECF No. 56)—49 days after he received notice of the entry of default.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55, which governs default judgments, sets forth a two-step process. *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020). The first step

---

[2] The four defendants who waived service of process are C. Smith, Z. Farmer, McCracken, and Blaha. (Def.'s Br. at 1.)

involves the clerk entering default against a party "against whom a judgment for affirmative relief is sought" when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "The second step is the subsequent entry of a default *judgment*[.]" *Fidrych*, 952 F.3d at 130; *see also* Fed. R. Civ. P. 55(b).

The court may, however, "set aside an entry of default for good cause." Fed. R. Civ. P.55(c). The Fourth Circuit has consistently held that Rule 55(c) "must be liberally construed" and has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad., Inc v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). "Consequently, '[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.'" *Saunders v. Whitman*, No. 7:25-cv-00488, 2026 WL 893048, at *1 (W.D. Va. Apr. 1, 2026) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

### III.   ANALYSIS

The standard for setting aside an entry of default is well-established and requires the court to evaluate the following factors:

> [(1)] whether the moving party has a meritorious defense, [(2)] whether it acts with reasonable promptness, [(3)] the personal responsibility of the defaulting party, [(4)] the prejudice to the [opposing] party, [(5)] whether there is a history of dilatory action, and [(6)] the availability of sanctions less drastic.

*Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The court analyzes each factor in turn.

#### A. Whether Demory has a meritorious defense

The first *Payne* factor is whether the defendant has a meritorious defense. 439 F.3d at 204. In evaluating this factor, "[t]he underlying concern is . . . whether there is some possibility

that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697 (2d ed. 1983)). As a result, the defaulting party "bears a minimal burden." *Payton v. Guallart*, No. 3:22-cv-00042, 2022 WL 16636937, at *4 (W.D. Va. Nov. 2, 2022). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Id.* (quoting *Augusta Fiberglass Coatings*, 843 F.2d at 812). "Conclusory statements that aver a meritorious defense are insufficient; there must be underlying facts to support the defense." *Burton v. The TJX Cos., Inc.*, No. 3:07-cv-00760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008); *see also Payton*, 2022 WL 16636937, at *4 ("[W]hile the burden for proffering a meritorious defense is not onerous, the defenses must allege specific facts beyond simple denials of conclusionary statements." (internal quotations omitted)).

Demory offers various defenses to Stevens's excessive force claim against him in his brief and proposed answer. In his brief, Demory submits that the evidence will show that Stevens disobeyed orders and resisted restraint, and therefore Demory's actions were "necessary to maintain and restore discipline to WRSP." (Def.'s Br. at 6.) In his proposed answer, Demory raises various defenses, such as failure to state a claim, lack of jurisdiction, and qualified immunity. (Def.'s Br. Ex. A at 2–4.) These averments are enough for Demory to meet the low burden of establishing a meritorious defense at this stage. *See Rawls v. Keen*, No. 4:25-cv-00028, 2025 WL 2603392, at *1 (W.D. Va. Sep. 9, 2025) (finding an assertion of sovereign immunity sufficient to weigh the meritorious defense factor in favor of the plaintiff); *Manning v. Ramp*, No. 4:23-cv-01803, 2024 WL 1642143, at *5 (D.S.C. Mar. 27, 2024) ("Such

defenses [including qualified immunity], properly pled in Henderson's proposed Answer, demonstrate good cause for why the entry of default should be set aside as to him."); *Burton*, 2008 WL 1944033, at *3 (finding that the defendant's factual and statute of limitations defenses "alone are sufficient to establish a meritorious defense"). The court therefore finds that Demory has alleged meritorious defenses against Stevens's claim and "should have the minimal opportunity to present it." *Rawls*, 2025 WL 2603392, at *1. Accordingly, the first *Payne* factor weighs in favor of setting aside the entry of default.

### B. Whether Demory acted with reasonable promptness

The court must consider the "acts and circumstances of each occasion" when deciding whether a defendant acted in a reasonably prompt manner when moving to set aside an entry of default. *Payton*, 2022 WL 16636937, at *4 (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Here, Demory moved to set as the Clerk's entry of default on November 20, 2025—49 days after the Clerk had entered default against him. (*See* Def. Mot. Set Aside Default J.) Many courts in this circuit have found that defendants acted with reasonable promptness when moving to set aside default within that timeframe. *See, e.g.*, *Carter v. Ely*, No. 7:20-cv-00713, 2024 WL 1160547, at *2 (W.D. Va. Mar. 18, 2024) (41 days); *Superior Performers, Inc. v. Thorton*, No. 1:20-cv-00123, 2020 WL 6060978, at *3 (M.D.N.C. Oct. 14, 2020) (52 days); *Pacelli v. FREEJUMPSYSTEM*, No. 3:23-cv-00028, 2025 WL 1161387, at *2 (W.D. Va. Apr. 21, 2025) (31 days). Demory also requested counsel from the OAG six days after receiving notice of entry of default, further demonstrating that he acted with reasonable promptness to address the default. Therefore, this factor weighs in favor of setting aside the entry of default against Demory.

### C. Demory's personal responsibility in failing to respond

The third *Payne* factor requires the court to ask "whether the defaulting party is 'ultimately responsible' for failing to respond.'" *Progressive Adv. Ins. Co. v. Holt*, No. 2:22-cv-00321, 2023 WL 2072413, at *3 (E.D. Va. Feb. 17, 2023) (quoting *Pinpoint IT Servs., LLC v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 726 (E.D. Va. 2011)). "Answering that question requires courts to 'focus on the source of the default.'" *Jackson v. Dameron*, No. 7:22-cv-00090, 2023 WL 8115569, at *3 (W.D. Va. Nov. 22, 2023) (quoting *Augusta Fiberglass*, 843 F.2d at 811).

Demory's failure to comply with the court's deadline to file an answer to Stevens's complaint was caused by reasonable confusion as to who would be defending him in this matter; he was an employee of VDOC at the time of the alleged incident but was no longer an employee when served with Stevens's complaint. (*See* Def.'s Br. at 6.) Confusion or incorrect assumptions on the part of the defaulting party do not necessarily undermine a motion to set aside entry of default, because, in those circumstances, there is no indication that the defaulting party deliberately failed to respond to the complaint. *See Jackson*, 2023 WL 8115569, at *3 (finding that a defendant's mistaken belief as to who would be defending him did not "overwhelmingly weigh against setting aside the entry of default"); *Progressive Adv. Ins. Co.*, 2023 WL 2072413, at *4 (concluding that misunderstanding as to representation in the case was, "at worst[,] *excusable* neglect"). Therefore, while Demory does bear some responsibility for his failure to respond, this factor does not weigh overwhelmingly in Stevens's favor and is far from dispositive in this matter.

### D. The remaining *Payne* factors

The fourth *Payne* factor requires the court to consider whether setting aside the entry of default would prejudice Stevens, the non-defaulting party. *Payne*, 439 F.3d at 204. "Delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418; *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) ("As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits."). Rather, the issue is whether the delay *caused* prejudice to the non-defaulting party. *Id.* In making such a determination, "courts consider whether the delay caused by the default 'made it impossible for the non-defaulting party to present some of its evidence; made it more difficult for the non-defaulting party to proceed to trial; hampered the non-defaulting party's ability to complete discovery; and was used by the defaulting party to collude or commit a fraud.'" *Jackson*, 2023 WL 8115569, at *3 (quoting *Burton*, 2008 WL 1944033, at *4).

At this early stage of litigation, the court has no reason to believe that, by setting aside the entry of default, Stevens's capacity to engage in discovery or present evidence will be impeded. *See Pacelli*, 2025 WL 1161387, at *3. Further, Stevens will have to prosecute these claims against the other five named defendants even if default judgement is entered against Demory; a sixth defendant will not require Stevens to expend considerably more time and resources, particularly since his claim is based on the same discrete set of facts. *See Rawls*, 2025 WL 2603392, at *2. Finally, there is no indication that Demory "used the delay to commit fraud." *See Jackson*, 2023 WL 8115569, at *4. Therefore, this factor weighs in favor of setting aside the entry of default.

The fifth *Payne* factor considers whether the defaulting party has a history of dilatory action. *Payne*, 439 F.3d at 204. No evidence of previous dilatory action by Demory exists, and therefore this factor weighs in Demory's favor.

The sixth (and final) *Payne* factor is whether less drastic sanctions other than default are available. *Payne*, 439 F.3d at 204–05. Other less drastic sanctions may include the assessment of costs and attorney's fees for seeking default. *Jackson*, 2023 WL 8115569, at *4. Because Stevens is proceeding *pro se*, attorney's fees are not applicable. And given that there is no indication of bad faith by Demory nor prejudice to Stevens, the court finds that monetary sanctions, while available, are not warranted. *See Carter*, 2024 WL 1160547, at *3 (finding no sanctions necessary when default was due to lack of notice from service to wrong address). "[T]he less drastic sanction of a warning to [Demory] that deadlines must be heeded in the future will suffice." *See Jackson*, 2023 WL 8115569, at *4 (quoting *Strojnik v. Hyatt Hotels Corp.*, No. 2:21-cv-00741, 2022 WL 504480, at *9 (D. Ariz. Feb. 18, 2022)).

Accordingly, the court concludes that the *Payne* factors, in totality, weigh in Demory's favor and will therefore set aside the Clerk's entry of default against him.

## IV.    CONCLUSION

For the reasons stated above, the court finds good cause to set aside entry of default and will grant Demory's motion. Because default judgment cannot be obtained without an entry of default, *Fidrych*, 616 F.3d at 130, the court will deny Stevens's motion for default judgement.

The Clerk is directed is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

    **ENTERED** this 1st day of July, 2026.

/s/ Thomas T. Cullen

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
